UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>YVONE BREWSTER,<br><br>            Defendant. | CASE NO. 1:14-cv-01536-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 11)** |

**I.      PROCEDURAL HISTORY**

Plaintiff Earl Simpson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

On March 6, 2015, Plaintiff's Complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint within thirty days. (ECF No. 10.) The thirty day deadline has passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

On April 21, 2015, the Court ordered Plaintiff to show cause why the action should not be dismissed with prejudice for failure to obey a court order and failure to prosecute.

(ECF No. 11.)  The time for Plaintiff to respond to the order to show cause has passed and no response was filed.

## II.     LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have inherent power to control their dockets [and] . . . [i]n the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. USPS, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic alternatives."  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.

## III.    ANALYSIS

"The public's interest in expeditious resolution of litigation always favors dismissal."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v.

2

California Amplifier, 191 F.3d 983, 990 (9th Cir.1999)).  Plaintiff's Complaint was dismissed for failure to state a claim.  (ECF No. 10.)  Plaintiff has failed to comply with the Court's Order that he file an amended pleading.  He has not provided cause why his action should not be dismissed.  (ECF No. 11.)  In such circumstances, the Court cannot justify continuing to expend its scarce resources in this matter.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, at 642  (citing Yourish, 191 F.3d at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," Pagtalunan, at 643 (citation omitted), and it is Plaintiff's failure to comply with Court orders and file an amended pleading that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because "[p]ublic policy favors disposition of cases on the merits," this factor will always weigh against dismissal.  Id.

Based on the foregoing factors, this action should be dismissed with prejudice based on Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute.

**IV.     CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED WITH PREJUDICE based on Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute;

3

2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-1099 (9th Cir. 2011); and

3. Any and all pending motions shall be terminated and the Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   May 15, 2015          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

4